**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4733**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

WILLIAM ANTHONY RAY JOLIN, a/k/a William A. Jolin,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:16-cr-00043-RLV-DCK-1; 5:17-cr-00015-RLV-DCK-1)

Submitted: August 21, 2018                Decided: August 28, 2018

Before NIEMEYER, TRAXLER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Anthony Ray Jolin pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Jolin to 135 months' imprisonment, the bottom of his advisory Sentencing Guidelines range. On appeal, Jolin argues that the Government engaged in misconduct when it moved for the application of the two-level enhancement for obstruction of justice based on his statements during the suppression hearing. *See* U.S. Sentencing Guidelines Manual § 3C1.1 (2016). We affirm.

To prevail on his prosecutorial misconduct claim, Jolin must demonstrate both that the prosecutor's conduct was improper and that the conduct prejudicially affected his substantial rights. *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010). The relevant inquiry is whether "the government's improper conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Chavez*, 894 F.3d 593, 602 (4th Cir. 2018) (internal quotation marks omitted), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Aug. 9, 2018) (No. 18-5527). Because Jolin did not raise a prosecutorial misconduct claim in the district court, our review is for plain error. *United States v. Woods*, 710 F.3d 195, 202 (4th Cir. 2013); *see Henderson v. United States*, 568 U.S. 266, 272-73 (2013) (describing plain error review).

Initially, we find no merit to Jolin's claim that he was tricked into pleading guilty when the Government did not disclose that it planned to move for the application of the obstruction enhancement. The plain terms of the plea agreement allowed the parties to

2

argue at sentencing for the application of any reductions, enhancements, and adjustments to Jolin's Guidelines range.

We further conclude that the Government did not act out of bounds by basing its argument for the obstruction enhancement on Jolin's testimony at the suppression hearing. The Supreme Court has held that "a defendant's right to testify does not include a right to commit perjury" and has upheld the application of the obstruction enhancement when a defendant committed perjury during his trial. *United States v. Dunnigan*, 507 U.S. 87, 96 (1993); *see id.* at 98. And we have upheld the application of the obstruction enhancement based on a defendant's false testimony during a suppression hearing. *See, e.g.*, *United States v. Jones*, 356 F.3d 529, 537 (4th Cir. 2004). Thus, because it is at the very least arguable that Jolin's testimony at the suppression hearing earned him the obstruction enhancement, the Government did not engage in misconduct by arguing that the enhancement should apply. *See United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (stating elements of obstruction enhancement), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. July 12, 2018) (No. 18-5225).

Finally, we conclude that the district court's decision to apply the downward adjustment for acceptance of responsibility and its failure to specifically find that Jolin committed perjury do not support Jolin's prosecutorial misconduct claim. Put simply, the court's acts are not Government acts upon which a prosecutorial misconduct claim can be built.

Because Jolin has not established that the Government acted improperly by advocating for the application of the two-level enhancement for obstruction of justice, we

3

affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*